ROBERTSON, Justice
(dissenting).
I respectfully dissent.
In my opinion the sole proximate cause of plaintiff’s injury was his own negligence, and there was no causal connection between the negligence, if any, of the City of Meridian and the injury to the plaintiff. A peremptory instruction for the City of Meridian should have been granted.
The plaintiff, Wallace Godwin, was a fifty-eight year old man. He had been working for the City of Meridian since 1933 as a sideman on a garbage truck. The truck to which he was assigned at the time of his injury was a 1958 model Chevrolet truck with the latest compression equipment installed thereon. The accident happened on April 8, 1960, when the truck was less than two years old. The plaintiff, himself, testified that he fully realized the obvious dangers of his job, especially when the hydraulic pressure plate was in operation. On cross-examination, he stated that he knew there was considerable power behind the pressure plate. He knew that if he got caught in it that it could crush and mangle, and he stated unequivocally that this was the reason that he stayed away from it as far as he could. When in operation, the press made an unmistakable whining noise that could be heard for some distance.
In addition to all of this, if the press mechanism was worn and defective, no one knew this better than the plaintiff himself. His testimony was that the pressure plate was operated about 500 times a day, and that it hung up about one-third of the time. According to him, he had reported this to the maintenance superintendent some time before his injury.
At the time he was injured, he was not even loading garbage. The sideman on the left side of the truck was loading and had placed the pressure plate in operation. The only duty of his job at that time was to look out for traffic. He could do this much better by standing on the street away from the truck. He was not supposed to be on the corrugated iron step except when the truck was moving from place to place and the truck could not move as long as the pressure plate was in operation. He knew this and so testified. In spite of all of this, the *441 plaintiff negligently, carelessly and voluntarily placed himself in a known dangerous position with his left hand on the grab iron, his right foot on the iron step, and his left foot on the ground. This was an unbalanced position at best. There was no rhyme ■or reason for the plaintiff to deliberately place himself in such a dangerous position.
I fail to see any substantial difference between this case and the case of City of Long Beach, Mississippi v. Spooner, 224 Miss. 246, 79 So.2d 833 (1955). There was none in the ultimate result of the carelessness of the worker; both were injured severely. In the Spooner case there was no serious contention that the press mechanism was not in good mechanical condition, hut still the accident happened, because Spooner carelessly jumped on the iron step and grabbed the door frame while the pressure plate was returning to its original position just as in the case at bar. The pressure plate did in that case what it did in the present case. It mangled the hand of the plaintiff. In the Spooner case, this Court held that a peremptory instruction should have been granted the City of Long Beach.
There was a fatal hiatus between the negligence of the City, if any, and the injury to the plaintiff.
The chain of events was completely broken, and there was no causal connection whatsoever between the negligence of the •City at one end of the chain and the injury to the plaintiff at the other end of the chain. There is nothing that an employer can do to protect an employee against himself, especially one who knowingly, carelessly and negligently places himself in a position of known danger, and this too when the duties of his job did not call for him to be in that position. The employee was not protected in the Spooner case; neither could he be in this case.
I think that a peremptory instruction for the defendant should have been granted.
PATTERSON and SMITH, JJ., join in this dissent.